

NOV - 2 2007
NOV 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TERRENCE J. HANCOCK, JOHN LISNER, WILLIAM )
LOGAN, LAWRENCE GROOT, DEAN H. VANDER BAAN )
and THOMAS J. YONKER, as Trustees of LOCAL No. 731, )
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, )
PRIVATE SCAVENGERS HEALTH AND WELFARE FUND,) Case No.
)

       Plaintiff,

       v.

**07CV6206
JUDGE BUCKLO
MAG. JUDGE SCHENKIER**

MIDWEST REM ENTERPRISES, INC., an Illinois
corporation, and ALBERT RAMIREZ, individually, )
)
       Defendant. )

## COMPLAINT

Plaintiff TERRENCE J. HANCOCK, JOHN LISNER, WILLIAM LOGAN, LAWRENCE

GROOT, DEAN H. VANDER BAAN, THOMAS J. YONKER,, as Trustees of LOCAL No. 731,

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS HEALTH

AND WELFARE FUND ("the Fund"), through its attorneys, Dowd, Bloch & Bennett, by way of its

complaint against MIDWEST REM ENTERPRISES, INC., an Illinois Corporation, and ALBERT

RAMIREZ, individually, states as follows:

## COUNT ONE

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1.     The Fund is a multiemployer benefit plan within the meaning of Sections 3(3) and

3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

§1002(3) and (37A). The Trustees and the Fund maintain offices and conduct business within this

district.

2.     Defendant MIDWEST REM ENTERPRISES, INC. (herein "Defendant Company") is incorporated and registered to do business in the State of Illinois. At all relevant times, the Defendant Company was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a).

3.     Defendant ALBERT RAMIREZ ("RAMIREZ") resides in this District and is the owner and an officer of Defendant Company.

4.     Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

5.     The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). Local No. 731 and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which obligate the Defendant Company to make monthly contributions on behalf of its employees covered by the Agreement for health-welfare benefits, and to submit monthly remittance reports in which the Defendant Company, *inter alia*, identifies the employees covered under the agreement and the amount of contributions to the Fund remitted on behalf of each covered employee.

6.     Notwithstanding its obligations under the collective bargaining agreements, the Defendant Company has failed to correctly report and pay contributions owed to the Fund for October 2006 through March 2007, thereby depriving the Fund of contributions, income and information needed to administer the Fund, and jeopardizing the health & welfare benefits of

2

participants and beneficiaries.

7.     Additionally, the Defendant Company has incurred shortages for liquidated damages and interest for the untimely remittance of reports and/or contributions for various work months during the period of April 2007 and August 2007 that have yet to be paid.

8.     Despite demand duly made, the Defendant Company has not paid the required contributions or other sums due.

9.     All conditions precedent to requiring contributions and reports to the Fund have been met.

10.    The Defendant Company's failure to make timely and accurate  reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

11.    Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Fund's governing documents, the Defendant Company is liable to the Fund for unpaid contributions, interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20% once a lawsuit is filed and reasonable attorneys' fees and court costs.

12.    The Defendant Company's obligations under the collective bargaining agreement are continuing and for each month it continues to be delinquent, contributions, interest and liquidated damages will be due and owing until payment is made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant Company as follows:

1.     Finding that MIDWEST REM ENTERPRISES, INC., violated the Agreement;

3

2.   Finding that MIDWEST REM ENTERPRISES, INC., is liable to the Funds for delinquent contributions, shortages, interest, liquidated damages, and attorneys' fees and court costs incurred to date and all delinquencies incurred after the filing of this suit including contributions, shortages, interest, liquidated damages, and attorneys' fees and court costs;

3.   Ordering MIDWEST REM ENTERPRISES, INC., to pay to Plaintiff all accrued interest and attorney's fees;

4.   Ordering MIDWEST REM ENTERPRISES, INC., to pay to Plaintiff all court costs and reasonable attorneys' fees incurred for filing this suit; and

5    Ordering MIDWEST REM ENTERPRISES, INC., to submit all reports not previously remitted for all unreported months.

6.   Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT II

### BREACH OF CONTRACT AGAINST MIDWEST REM ENTERPRISES, INC., and ALBERTO RAMIREZ

13.   Plaintiff re-alleges and incorporates by reference paragraphs 1-12 of Count I as paragraphs 1 through 12 of Count II.

14.   The Fund is a multiemployer benefit plan within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Fund maintain offices and conduct business within this district.

15    Defendant MIDWEST REM ENTERPRISES, INC. (herein "Defendant Company"), is an Illinois corporation that does business within this District.

16.   Defendant ALBERT RAMIREZ ("RAMIREZ") resides in this District and is the owner and an officer of Defendant Company.

4

17. This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

18. Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C. § 1391(b).

19. On or about October 12, 2006, the Defendant Company entered into an Installment Note (hereinafter "the Note") to pay to the Fund $25,791.43 plus interest at a rate of 1% percent per month compounded, in twelve monthly installments according to the following schedule:

| DUE DATE | AMOUNT DUE |
|----------|------------|
| 10/20/06 | $1,717.71 |
| 11/20/06 | $1,717.71 |
| 12/20/06 | $1,717.71 |
| 01/20/07 | $1,717.71 |
| 02/20/07 | $1,717.71 |
| 03/20/07 | $1,717.71 |
| 04/20/07 | $1,717.71 |
| 05/20/07 | $1,717.71 |
| 06/20/07 | $1,717.71 |
| 07/20/07 | $1,717.71 |
| 08/20/07 | $1,717.71 |
| 09/20/07 | $1,717.71 |

See Exhibit "A" attached hereto.

20. The Note covered delinquencies previously incurred by the Defendant Company for the work months of January 2006 through September 2006 as well as shortages incurred for the month of March 2005, interest, liquidated damages and attorneys' fees and costs.

21. Defendant RAMIREZ signed the Note in his individual capacity as a personal guarantor of the Note obligations.

22. Pursuant to the terms of the Note, upon default in the payment of any installment due under the Note, including regular monthly contributions, the Fund may accelerate

5

the Note and collect the entire principal amount remaining under the Note plus all attorneys fees' and costs incurred in any action to accelerate the Note. Additionally, liquidated damages in the amount of $4,391.76 that were previously suspended, may be immediately reinstated.

23.    Under the Note, the Fund may enforce the terms of the Note against the individual guarantor who is jointly and severally liable with the Company for the obligations under the Note.

24.    Defendant Company has paid all installments due through the month of June 2007; however, despite demand being duly made, Defendant Company has not paid any of the subsequent installments due under the Note. Additionally, Defendant Company has failed to remain current on its regular monthly contribution obligations to the Fund as required by the Agreement.

25.    By failing to remit all installments due under the Note and remaining current in its monthly obligations, the Defendant Company and RAMIREZ have breached the terms of the Note and defaulted on the Note.

26.    As a result of their breach, the Defendant Company and RAMIREZ are jointly and severally liable for the principal amount remaining due under the Note, which includes attorneys' fees and costs of $2,536.24 that the Fund incurred as result of its attempts to collect the amounts due to the Fund prior to the Note's execution, plus interest on the Note, and the reinstated liquidated damages of $4,391.76.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a judgment against MIDWEST REM ENTERPRISES, INC., and ALBERT RAMIREZ as follows:

(a)    Finding that MIDWEST REM ENTERPRISES, INC., and ALBERT RAMIREZ, personally and individually, breached the Note;

(b)    Finding that MIDWEST REM ENTERPRISES, INC., and ALBERT RAMIREZ, individually, are jointly liable to the Plaintiff for the entire sum remaining due

6

under the Note including interest as provided under the Note, attorneys fees and costs of $2,536.24 plus any additional attorneys' fees and costs incurred in this as a result of the instant filing, and reinstated liquidated damages of $4,391.76;

(c)    Ordering  MIDWEST REM ENTERPRISES, INC., and ALBERT RAMIREZ , individually, to pay to the Plaintiff all court costs and reasonable attorneys' fees and costs incurred prior to and through the filing of this suit.

(d)    Granting all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

LaKisha M. Kinsey-Sallis
One of Plaintiff's Attorneys

J. Peter Dowd
Michele M. Reynolds
Justin L. Lannoye
LaKisha M. Kinsey-Sallis
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois  60603
(312) 372-1361