IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, JOHN LISNER, ) <br> WILLIAM LOGAN, LAWRENCE GROOT, ) <br> DEAN H. VANDER BAAN and THOMAS J. ) <br> YONKER, as Trustees of LOCAL No. 731, ) <br> INTERNATIONAL BROTHERHOOD OF ) <br> TEAMSTERS, PRIVATE SCAVENGERS ) <br> HEALTH & WELFARE FUND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDWEST REM ENTERPRISES, INC., ) <br> an Illinois corporation, and ALBERT ) <br> RAMIREZ, individually, ) <br> ) <br> Defendants. ) | Case No. 07 C 6206 <br><br><br><br> Judge Bucklo <br><br><br> Magistrate Judge Soat Brown |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

Plaintiff TERRENCE J. HANCOCK, JOHN LISNER, WILLIAM LOGAN, LAWRENCE GROOT, DEAN H. VANDER BAAN, THOMAS J. YONKER, as Trustees of LOCAL 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS HEALTH AND WELFARE FUND (hereinafter the "Fund"), through its attorneys Dowd, Bloch & Bennett, pursuant to Fed.R.Civ.P. 55(b)(2), respectfully moves this court for entry of default, in the form of the attached proposed order against the Defendants MIDWEST REM ENTERPRISES, INC., and ALBERT RAMIREZ, individually. In support of this motion, the Plaintiff states as follows:

1. This is a claim against the Defendants for delinquent reports and contributions due to an employee fringe benefit fund under Section 515 of ERISA, 29 U.S.C. §1145 and for breach of contract.

2. Defendant MIDWEST REM ENTERPRISES, INC., (the "Defendant Company"), is incorporated and registered to do business in the state of Illinois.

3. Defendant ALBERT RAMIREZ ("Ramirez") resides in this District and is the owner and officer of the Defendant Company.

4. The Fund filed its Complaint on November 2, 2007, seeking the following relief from the Defendants:

> (1) that the Court find that the Defendant Company is liable to Plaintiff for delinquent contributions, shortages, interest, liquidated damages, and attorneys' fees and court costs incurred to date and all accrued delinquencies incurred after the filing of this suit including contributions, shortages, interest, liquidated damages and attorneys' fees and court costs;
>
> (2) that the Defendant Company be ordered to pay to Plaintiff all accrued interest and attorneys' fees;
>
> (3) that the Defendant Company be ordered to pay to Plaintiff all court costs and reasonable attorneys' fees incurred for filing this suit;
>
> (4) that the Defendant Company be ordered to submit all reports not previously remitted for all unreported months;
>
> (5) that the Defendants be found in breach of the Installment Note;
>
> (6) that the Defendants be found jointly liable for the entire sum remaining due under the Installment Note, including interest as provided under the Note, attorneys' fees and costs plus any additional attorneys' fees and costs incurred as a result of the instant filing, and reinstated liquidated damages of $4,391.76; and
>
> (7) for such other legal and equitable relief as the Court deems just and proper.

5. The Defendants were each served with a copy of the Complaint and Summons on November 9, 2007, and their Answers were due on November 29, 2007. Return of service affidavits were filed with the Clerk of the Court on November 20, 2007 and are attached as Exhibit "A."

6. As of the date that this Motion was filed, neither Defendant had filed an appearance or Answer or otherwise plead to the Complaint.

7. Notwithstanding its obligations under its collective bargaining agreement, the Defendants have not remitted reports, benefit contributions, dues or other sums owed to the Plaintiff for the work month of October 2006 through March 2007.

8. Additionally, the Defendant Company has incurred shortages for liquidated damages and interest for the untimely submission of its reports and contributions for various work months during the period of April 2007 through August 2007 that have yet to be paid.

9. By the aforementioned conduct, the Defendant Company has breached the Agreement in violation of LMRA Section 301, 29 U.S.C. 185 and violated ERISA Section 515.

10. Therefore, as set forth in the Complaint, the Defendant Company is liable to the Fund for unpaid contributions, interest at a rate of 1% compounded monthly, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

11. The Defendants are also jointly and severally liable for the remaining unpaid balance due under the Installment Note that Defendant Ramirez personally guaranteed, including the Installment Note principal, interest, and reinstated liquidated damages of $4,391.76 and attorneys' fees and costs.

12. Pursuant to the Installment Note, the Defendants are also jointly and severally liable for the Plaintiff's costs in connection with its efforts to recover the Installment Note delinquencies.

WHEREFORE, the reasons stated above, the Plaintiff respectfully requests that this Court enter an order of Default against Defendants MIDWEST REM ENTERPRISES, INC., and ALBERT RAMIREZ, individually, and order that the Defendant Company submit its completed and accurate work reports for all unreported months, including October 2006 through March 2007.

Respectfully Submitted,

/s/ LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiff's Attorneys

Michele M. Reynolds
Justin J. Lannoye
LaKisha M. Kinsey-Sallis
**DOWD, BLOCH & BENNETT**
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361